UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

STERN & CO.,

        Plaintiff,

    -against-

APPLIED DNA SCIENCES, INC.,

        Defendant.
-----------------------------------------------------------------------x

**COMPLAINT**

Index No.

Stern & Co., by their attorney Larry Kars, Esq., sets forth the following claims against defendant as follows:

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction on the basis of 28 U.S.C. section 1332, where there is diversity of citizenship and the amount in controversy exceeds $75,000.

Venue lies in this district as a substantial part of the events giving rise to the claims occurred in this district.

1. Plaintiff Stern & Co. is and at all relevant times was a New York Limited Liability Corporation with a current address of 230 W. 41st Street, New York, NY 100364. It performs media relations and investor relations services primarily for public companies.

2. Defendant Applied DNA Sciences, Inc.(Applied) is a publically traded company who hired plaintiff to do public relations work for them. Applied is located at 9229 West Sunset

Boulevard, Los Angeles, CA 90069. On information and belief, it is a Nevada corporation. It conducts business in New York and the contract with Stern was negotiated and signed in New York.

3. On or about January 27, 2004, Stern and Applied signed a one year contract whereby Stern would perform various media relations and investor relations work for Applied..

4. Part of the terms of the agreement was that Applied pay to Stern the amount of $7,000 per month plus expenses. In addition, Applied was to pay Stern 150,000 options to purchase shares of Applied stock at $3.00 per share.

5. Subsequently, in or about May, 2004, Stern and Applied agreed to a reduction of the monthly fee to $5,000 per month; and the options to purchase the stock was reduced to 75,000 exercisable at .70 cents per share.

6. Applied did make payments to Stern for the period January 27, 2004 through April 30, 2004 but failed to make any payments thereafter or to issue the options on the stock. The amounts currently owed by Applied to Stern total $43,542.00 which consists of $40,000 of monthly fees and $3,542 of expenses. In addition, Applied owes Stern options on 75,000 shares of stock exercisable at $.70 per share. The value of the stock of Applied is $1.40 per share, giving a value to the options of $52,500 (.70 x 75,000 shares)

## FIRST CAUSE OF ACTION
### (Breach of Contract)

7. Stern repeats and re-alleges paragraphs 1 through 6 as if fully stated herein.

8. Stern rendered valuable services to defendant which defendant accepted without objection.

9. Although Stern requested payment in writing and invoiced defendant on several times for the periods mentioned above on a monthly basis, defendant has failed and refused to pay any part of the amount due and outstanding.

10. Stern has performed its obligations under the parties agreement in full, but defendant has failed to adhere to the terms of the agreement. Defendant has acknowledged in writing that it owes Stern the amounts stated.

11. Stern has been damaged by defendant's refusal to pay entitling Stern to recover the amount of $43,542.00 plus interest and plus the options exercisable at .70 cents per share, in damages from defendant.

## SECOND CAUSE OF ACTION
### (Quantum Meruit)

12. Stern repeats and re-alleges paragraphs 1 through 11 as if fully stated herein.

13. Stern performed certain valuable services for defendant at defendant's specific request

14. Defendant accepted these services without objection.

15. The reasonable value of the unpaid services provided for the benefit of defendant is

$43,542.00.

16. Based on the foregoing, Stern is entitled to recover the amount of $43,542.00 plus interest, plus the options exercisable at .70 cents per share on 75,000 shares of stock in damages from defendant.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment)

17. Stern repeats and re-alleges paragraphs 1 through 16 as if fully stated herein.

18. Defendant benefitted from and continues to benefit from the services provided by Stern to defendant for which Stern has not been adequately compensated.

19. Defendant, therefore, has been unjustly enriched.

20. Based on the foregoing, Stern is entitled to recover the amount of $43,542.00, plus interest, plus the options exercisable at .70 cents per share on 75,000 shares of stock in damages from defendant.

## FOURTH CAUSE OF ACTION
### (Account Stated)

21. Stern repeats and re-alleges paragraphs 1 through 20 as if fully stated herein.

22. On various dates during May 1, 2004 through the present time, Stern submitted statements of account to defendant reflecting defendant's unpaid balance of $43,542.00, to which defendant did not object, contest or question.

23. By reason of the submission of such statements of account without objection, an account has been stated in the amount of $43,542.00, and Stern is entitled to recover damages in that amount, plus interest, from defendant.

WHEREFORE, plaintiff demands judgment against defendant as follows:

(A) On the first cause of action for a total of $96,042 ( $43,542.00, plus interest, plus the options on 75,000 shares of stock with a value of $52,500);

(B) On the second cause of action, for a total of $96,042 ($43,542.00 plus the options exercisable at .70 cents per share on 75,000 shares of stock with a value of $52,500);

(C) On the third cause of action, for a total of $96,042 ($43,542.00 plus the options exercisable at .70 cents per share on 75,000 shares of stock with a value of $52,500);

(D) On the fourth cause of action, for r a total of $96,042 ($43,542.00 plus the options exercisable at .70 cents per share on 75,000 shares of stock with a value of $52,500); and

(E) For the costs and disbursements incurred in this action, including reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated: January 10, 2005
New York, New York

*/s/ Larry Kars*
Larry Kars
Attorney for Plaintiff
Stern & Co.
101 E. 52nd Street, 9th Fl.
New York, NY 10022
212-752-9700
0827